IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PERRONG,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | No. 22-1085 |
| **TIMESHARE HELP SOURCE, LLC,** *et al.,* *Defendants.* | : : : : | |

# MEMORANDUM

**Kenney, J.**                                                                                                    **October 5, 2022**

      Plaintiff Andrew Perrong brings this class action against Timeshare Help Source, LLC ("Timeshare Help"), and Eduardo Balderas, as well as Dan Human, who now motions the Court to transfer venue from the Eastern District of Pennsylvania to the Eastern District of Missouri. In his initial Complaint, Plaintiff Andrew Perrong brought the instant class action against only Timeshare Help alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for allegedly placing telemarketing calls to Mr. Perrong and putative class members whose telephone numbers were listed on the National Do Not Call Registry. ECF No. 40 ¶¶ 50–54. After Plaintiff was confronted with an implacable and opaque blocking approach to discovery by the defense, which will be discussed in this Memorandum, Mr. Perrong filed an Amended Complaint in which he added as defendants Dan Human and Eduardo Balderas, persons the defense identified as operative decision makers in the Timeshare Help operation. This Amended Complaint, however, significantly altered the venue considerations that the Court previously found favored keeping the case in the Eastern District of Pennsylvania. ECF No. 13. Mr. Human now a party, moves, *inter alia*, to transfer this action pursuant to 28 U.S.C. §

1

1404(a). ECF No. 45. For the reasons that follow, the Motion to Transfer is **GRANTED.** The Court makes no dispositive ruling as to dismissal. An appropriate order will follow.

## I. BACKGROUND

In the Amended Complaint, Mr. Perrong alleges that on March 10, 2022, Timeshare Help, at the direction, supervision, and control of Mr. Human (alleged Director of Operations) and Mr. Balderas (alleged Marketing Director), placed unsolicited telemarketing calls to his telephone number which has been continuously listed on the National Do Not Call Registry since 2005. ECF No. 40 ¶¶ 3, 27–28. During one of these calls, Mr. Perrong was allegedly invited to attend a presentation in Pennsylvania on the impact of COVID-19 on the timeshare industry. *Id.* ¶¶ 31–33. Mr. Perrong alleges that the telephone calls violated his privacy because he did not provide consent to receive such calls. *Id.* ¶¶ 34–36. Additionally, Mr. Perrong alleges that because telemarketing technology is "capable of generating thousands of similar calls per day," Timeshare Help also violated the privacy of a nationwide putative class. *Id.* ¶¶ 4, 36. Indeed, Mr. Perrong identified nearly two million telephone calls allegedly placed by Timeshare Help to Pennsylvania telephone numbers. *Id.* ¶ 12.

## II. PROCEDURAL HISTORY

Mr. Perrong filed his initial Complaint on March 22, 2022. ECF No. 1. The initial Complaint named Timeshare Help, an entity incorporated in Colorado and headquartered in Colorado and Missouri, as the only defendant. *Id.* Timeshare Help answered the Complaint on April 20, 2022. ECF No. 6. Timeshare Help subsequently filed a Motion to Dismiss or Transfer on May 3, 2022 contending, *inter alia*, that venue was not appropriate in the Eastern District of Pennsylvania because Timeshare Help is neither incorporated nor headquartered in Pennsylvania. ECF No. 11. In his May 5, 2022 Response, Mr. Perrong pointed to non-binding

caselaw that supports his position that TCPA suits may be brought in the district where the plaintiff received the alleged telemarketing communications. ECF No. 12 at 4–5. In addition to placing telephone calls in this District, Mr. Perrong maintained that venue was proper because Timeshare Help organized an in-person luncheon in Pennsylvania. *Id.* at 5. The Court found in favor of Mr. Perrong and agreed that venue was proper because Timeshare Help, a corporate entity, had conducted business in this District. Accordingly, the Court denied Timeshare Help's Motion on May 11, 2022. ECF No. 13.

A Pretrial Conference was held on May 26, 2022 and the case proceeded into discovery, though Timeshare Help was generally non-responsive despite the Court's repeated efforts and Orders requiring meaningful participation in discovery. ECF Nos. 15, 17, 26, 35. Rather than meaningfully engage in discovery, counsel for Timeshare Help primarily complained that Mr. Perrong is a serial plaintiff. Counsel also represented that discovery was delayed because the (unnamed) person responsible for discovery at Timeshare Help was stuck in Uzbekistan due to Covid restrictions. ECF No. 18. Counsel's reasons for failing to respond to discovery continued to shift.

On June 7, 2022, Mr. Perrong filed a Motion to Compel Discovery and the Court held a hearing on June 30, 2022. ECF Nos. 16, 17. At the hearing, the Court attempted to determine the individual persons responsible for Timeshare Help to no avail. ECF No. 37. First, Mr. Prosser, a purported representative of Timeshare Help, and Defendant's Counsel named Eduardo Balderas and Dan Human as persons making decisions on behalf of Timeshare Help. June 30, 2022 Hr'g Tr. 7:19-21; 11:2-4. Counsel also informed the Court that Timeshare Help had been recently acquired by Mainline Partners, citing Mr. Prosser as the source of this information. June 30, 2022 Hr'g Tr. at 17. Mr. Prosser was neither in-house nor corporate counsel but rather an outside

3

attorney hired specifically for discovery purposes. *Id.* at 6. And two weeks later, on July 15, 2022, counsel informed the Court that Mr. Balderas was no longer with the company and that Mr. Prosser had no information regarding the owners of Mainline Partners. ECF No. 29.

On July 18, 2022, following additional discovery non-compliance, the Court ordered Timeshare Help's counsel and Mr. Prosser to appear at a hearing scheduled for August 2, 2022. ECF No. 30. The following day, Mr. Prosser submitted an affidavit in which he asserted that he was no longer involved with Timeshare Help and that Mr. Human and Mr. Balderas were either former or current employees at Timeshare Help. ECF No. 31. That same day, the Court released Mr. Prosser of his obligation to attend the August hearing and instead ordered that Mr. Human appear instead. ECF No. 32. On August 1, 2022, one day prior to the scheduled hearing, Mr. Human submitted an affidavit stating he was no longer employed by Timeshare Help, did not own equity in Timeshare Help, and was generally not involved in directing or making the alleged telephone calls. ECF No. 34, Exh. 1 ¶¶ 1–5. The Court then canceled the August 2, 2022 hearing and granted Mr. Perrong's Motion to Compel in full. ECF No. 35. The Court noted a repeated pattern of Timeshare Help's complete refusal to identify a responsible officer of the entity. *Id.*; ECF No. 37 at 1–2. Additionally, the Court inquired as to who was paying Timeshare Help's legal fees to which Counsel indicated he had not been paid. ECF No. 37. Counsel also represented that Timeshare Help would be filing for bankruptcy by the end of July 2022. ECF No. 29. As of October 2022, Counsel has not filed a notice or otherwise confirmed that Timeshare Help did in fact file for bankruptcy.

On August 2, 2022, Mr. Perrong filed a Motion to Amend the Complaint (ECF No. 38) which the Court granted (ECF No. 39). On August 4, 2022, Mr. Perrong filed an Amended Complaint in which Mr. Human and Mr. Balderas were added as Defendants. ECF No. 40. On

4

August 18, 2022, Mr. Perrong filed a Motion for Contempt and Sanctions for Mr. Human's failure to attend the August 2, 2022 hearing as initially required by the Court. ECF No. 44. Mr. Human filed a *pro se* consolidated Response and Motion to Dismiss or Transfer[1] on August 26, 2022 challenging the Motion for Contempt and Sanctions as well as the Amended Complaint. ECF No. 45. On August 28, 2022, Plaintiff filed his Reply. ECF No. 46.

The Court immediately addressed Mr. Human's objection to contempt and sanctions arising out of his alleged failure to appear before the Court on August 2, 2022. Importantly, the Court canceled the August 2, 2022 hearing and, therefore, Mr. Human was not in violation of the Court's Order to appear. ECF No. 35. Moreover, the Court granted Plaintiff's Motion to Compel in full as a result of the canceled hearing. ECF No. 16. Additionally, pursuant to his affidavit, Mr. Human was not an employee or officer of Timeshare Help at the time of the hearing and resided over 800 miles from this Court and travel to this District "would constitute a severe financial hardship." ECF Nos. 34, Exh. A; 45. For these reasons, the Court denied Plaintiff's Motion for Contempt and Sanctions on August 30, 2022. ECF No. 47.

Still outstanding is Mr. Human's *pro se* Motion to Dismiss or Transfer. Mr. Human asserts that: (1) the Court does not have personal jurisdiction over him because Mr. Human is not, and has never been, a paid employee or corporate officer of Timeshare Help; (2) dismissal is proper because the Court lacks subject matter jurisdiction; (3) dismissal is proper under the common law doctrine of *forum non conveniens*; and (4) in the alternative, the case should be transferred to the Eastern District of Missouri. ECF No. 45.

---

[1] The August 26, 2022 Motion is captioned as a "Motion to Dismiss." ECF No. 45. However, as a substantive matter, Mr. Human seeks either dismissal or "alternatively that [the case] be transferred to the United States District Court for the Eastern District of Missouri." *Id.* at 2. The Court will therefore refer to the motion as one seeking either dismissal or transfer.

Mr. Human's name was mentioned several times by Timeshare Help's counsel as an employee, yet Mr. Human disputes ever having been associated with Timeshare Help as a paid employee or corporate officer. ECF No. 45. This factual issue must be resolved and, as set forth below, the Eastern District of Missouri is better equipped to resolve it, as well as unravel the complex stories submitted by Timeshare Help to the Court in an attempt to dodge discovery. The Court finds that transfer of venue is appropriate because of the altered procedural development created by the filing of the Amended Complaint. The Court declines to devote substantial attention to Mr. Human's arguments seeking dismissal pursuant to *forum non conveniens*[2] and lack of subject matter[3] and personal jurisdiction.[4]

## III.  LEGAL STANDARD

The transfer of a case is appropriate pursuant to 28 U.S.C. § 1404(a), "when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*, 549 U.S. 422, 430 (2007). The purpose of this venue transfer statute is to prevent "the waste of time, energy, and money and to protect litigants, witnesses, and public

---

[2] Mr. Human asserts that *forum non conveniens* warrants dismissal. ECF No. 45 at 4. Finding that transfer of the case is appropriate pursuant to 28 U.S.C. § 1404(a), the Court does not reach the more drastic remedy of dismissal. In any event, "the common law doctrine of *forum non conveniens* 'has continuing application [in federal courts] only in cases where the alternative forum is abroad." *Sinochem Int'l Co.*, 549 U.S. at 430 (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994)).
[3] Mr. Human's subject matter jurisdiction argument appears nowhere in his motion other than the introduction. ECF No. 45 at 2. Even so, an argument that a federal court lacks subject matter jurisdiction in a suit alleging violation of the TCPA would be futile. Indisputably, federal courts have jurisdiction over private TCPA suits. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 376 (2012).
[4] Mr. Human contends that he has virtually no connection to Timeshare Help or the calls placed to Plaintiff. ECF No. 45 at 3–4. Mr. Human's assertions directly contravene Plaintiff's allegation that Mr. Human is the Director of Operations of Timeshare Help. ECF No. 46 at 5. This Court will not reach the issue of *in personam* jurisdiction because these factual disputes are more appropriately resolved in the Eastern District of Missouri. *See Sinochem Int'l Co.*, 549 U.S. at 425 (In the *forum non conveniens* analysis, which is similar, the district court "need not resolve that it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, [an alternative forum] is plainly the more suitable arbiter of the merits of the case").

interest against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer any civil action to any other district in which the case might have been brought. The burden is on the movant to show that transfer is warranted and "the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations removed). The Court must make two findings: (1) "both the original venue and the requested venue must be proper"; and (2) balancing the public and private interests of justice warrants transfer. *See, e.g., Tshudy v. Pennsylvania State Univ.*, No. 22-cv-3336, 2022 WL 4225612, at *2 (E.D. Pa. Sept. 13, 2022). The private interests to be balanced include: (1) the plaintiff's preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, to the extent that witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, to the extent that the files could not be produced in the alternative venue. *See Jumara*, 55 F.3d at 879. The public interests include: (1) practical considerations that make trial easy, expeditious, or inexpensive; (2) the local interest in deciding local controversies; (3) the relative administrative difficulty between the two due to court congestion; (4) the enforceability of the judgment; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See id.* at 879–80.

In weighing these factors and deciding to transfer under Section 1404(a), "[t]he district judge ha[s] broader discretion . . . than under the doctrine of *forum non conveniens*." *Norwood v. Kirkpatrick*, 349 U.S. 29, 30 (1955). Further, it is "not necessary that the transfer order be

accompanied by a lengthy statement . . . describing the court's reasons for transferring a case – as long as there is sufficient explanation of the factors considered, the weight accorded them, and the balancing performed." *In re U.S.*, 273 F.3d 380, 387 (3d Cir. 2001).

## IV.     DISCUSSION

Mr. Human asserts that this case should be transferred to the Eastern District of Missouri. ECF No. 45 at 2. Upon consideration of the facts and circumstances of the case, and within its discretion, the Court agrees that such a transfer is appropriate.

### A. Venue in Both Districts is Proper

Venue is proper in judicial districts where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Though none of the defendants are residents in this District, the Court agrees that venue is proper in the Eastern District of Pennsylvania because a substantial part of the alleged events, *i.e.*, conducting business via telephone calls and luncheons, occurred here. ECF No. 40 at 3–4.

However, for the same reason, venue is also proper in the Eastern District of Missouri. In "assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). Here, Timeshare Help's principal place of business is St. Louis, Missouri (ECF No. 11 at 2) and Mr. Human is also a resident of Missouri (ECF No. 45 ¶ 11). Mr. Perrong alleges that Mr. Human and Mr. Balderas supervised, directed, and controlled Timeshare Help's unlawful activities, which originated from the entity's headquarters or principal place of

business. ECF No. 40 ¶ 21; ECF No. 46 at 7. For the alleged corporate officers to have "directed and supervised Timeshare Help's business operations," (ECF No. 46 at 6) substantial events or omissions took place in the district where Timeshare Help is headquartered: the Eastern District of Missouri. Importantly, Mr. Perrong does not challenge whether the Eastern District of Missouri is *a* proper venue where his suit could have been originally brought. Instead, he argues only that the Eastern District of Pennsylvania is *an* appropriate venue. *See generally*, ECF No. 46. The two positions are not mutually exclusive, and venue may be proper in multiple jurisdictions. *See Cottman*, 36 F.3d at 294. Therefore, the Court finds that venue is proper in the Eastern District of Pennsylvania and the Eastern District of Missouri.

### B. Private Interest Factors

Here, the private interest factors weigh in favor of transfer. First, as to the parties' preferences, Mr. Perrong wishes to litigate in this District (ECF No. 45) and Defendants Timeshare Help (ECF No. 11) and Mr. Human (ECF No. 45) prefer to litigate in the Eastern District of Missouri.[5]  A plaintiff's choice of venue is a "paramount consideration," *see Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 459 (E.D. Pa. 2013) (citing *Jumara*, 55 F.3d at 879), but the plaintiff's choice merits less deference in a class action suit since any member of the alleged nationwide, putative class could potentially bring suit in their own preferred venue. *See Smith v. HireRight Solutions*, No. 09-cv-6007, 2010 WL 2270541, at *3 (E.D. Pa. June 7, 2010) (collecting cases and citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). While this Court deferred to Mr. Perrong when it previously declined to transfer the case, Mr. Perrong's decision to amend the Complaint and include individual defendants who do not reside

---

[5] Mr. Balderas has not filed anything to indicate his preference as between this District and the Eastern District of Missouri.

9

in this District, rather than solely corporate defendants, reduces the Court's level of deference to Mr. Perrong. At best, the first two factors are balanced.

The third factor—whether the claim arose elsewhere—weighs slightly against transfer. The parties do not dispute that Mr. Perrong received the alleged phone calls while in this District. Nor do they dispute that Timeshare Help's business operations were based elsewhere. ECF No. 40 ¶ 7. Mr. Perrong cites non-binding precedent for the position that a TCPA claim "arises" where the phone call was received. ECF No. 46 at 6–5. While this fact alone is an important consideration, the operative facts leading up to the alleged calls, such as script writing, approval of call center operations, marketing decisions, and the like are not alleged to have occurred in Pennsylvania. ECF No. 40 ¶ 21. However, recognizing that the alleged injury—receiving marketing phone calls without consent—occurred in this District with respect to Mr. Perrong, but not necessarily the putative class, the Court finds that this factor weighs slightly against transfer. *See Fitzhenry v. Guardian Prot. Servs.*, No. 16-cv-1253, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9, 2016) (under the TCPA, venue is proper where the phone call is received); *but see Koster*, 330 U.S. at 524 (In class actions implicating "hundreds of potential plaintiffs . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.").

The fourth and fifth factors—convenience of the parties and witnesses—weigh overwhelmingly in favor of transfer. Mr. Perrong's Amended Complaint in which he sued individual defendants tips the scale. Now that Mr. Perrong has named a resident of Missouri, who may require counsel and witnesses to defend his personal interests, the convenience factors are weighed differently than when the only defendant was a corporate entity.

10

Mr. Perrong resides in this District and, presumably, finds this District more convenient (though he fails to brief such an argument). ECF No. 40 ¶ 6. While the Court recognizes the importance of deferring to a plaintiff's choice in venue, Mr. Perrong is not the average plaintiff. There is ample evidence to suggest that travel to Missouri, even if it would be slightly inconvenient, would not be prohibitive to Mr. Perrong. For example, Mr. Perrong was able to travel from Italy to Pennsylvania to attend a hearing in this District. ECF No. 46 at 4 n.2. As a routine litigant[6] he appears to have little trouble availing himself to various courts.

---

[6] Mr. Perrong has filed over 100 lawsuits in this state and others, including Florida, Massachusetts, Rhode Island, New York, New Jersey, Maryland, Connecticut, Indiana, Illinois, Michigan, and Delaware, and generally does not appear to be inconvenienced by the demands of litigation. *See* ECF No. 20, Exh. 1 at 5 – 6; *Perrong v. CMI Research*, No. 2:22-cv-03733 (E.D. Pa. filed Sept. 15, 2022); *Perrong v. Amplify GA Collaborative, et al.*, No. 2:22-cv-03546 (E.D. Pa. filed Sept. 2, 2022); *Perrong v. Beneson Strategy Group, LLC et al.*, No. 2:22-cv-03510 (E.D. Pa. filed Aug. 29, 2022); *Perrong v. Delaney Constr. Paving, et al.*, No. 2:22-cv-3261 (E.D. Pa. filed Aug. 15, 2022); *Perrong v. Mortgage Bank of Calif.*, No. 2:22-cv-0375 (E.D. Pa. filed Aug. 3, 2022); *Perrong v. AWS, Inc.*, No. 2:22-cv-02951 (E.D. Pa. filed July 25, 2022); *Perrong v. Sunwise Energy LLC*, No. 2:22-cv-02824 (E.D. Pa. filed July 19, 2022); *Perrong v. Dr. Oz For Senate, et al.*, No. 2:22-cv-02724 (E.D. Pa. filed July 11, 2022); *Perrong v. Personal Injury Lead Generator*, No. 2:22-cv-02628 (E.D. Pa. filed July 6, 2022); *Perrong v. S. Bay Energy Corp.*, No. 2:22-cv-02279 (E.D. Pa. filed June 9, 2022); *Perrong v. 5 F Digital Inc.*, No. 2:22-cv-02160 (E.D. Pa. filed June 2, 2022); *Perrong v. Atom Property Solutions, LLC, et al.*, No. 2:22-cv-02000 (E.D. Pa. filed May 18, 2022); *Perrong v. Khalil, et al.*, No. 2:22-cv-01899 (E.D. Pa. filed May 12, 2022); *Perrong v. Aspen Dental Mgmt., Inc., et al.*, No. 2:22-cv-01234 (E.D. Pa. filed Mar. 29, 2022); *Perrong v. Mountineer Mktg. LLC*, No. 2:22-cv-01084 (E.D. Pa. filed Mar. 22, 2022); *Perrong v. Timeshare Help Source, LLC*, No. 2:22-cv-01085 (E.D. Pa. filed Mar. 22, 2022); *Perrong v. Viasat, Inc.*, No. 2:21-cv-05393 (E.D. Pa. filed Dec. 7, 2021); *Perrong v. GBR Fin. Services, LLC*, No. 2:21-cv-04937 (E.D. Pa. filed Nov. 9, 2021); *Perrong v. John Doe Corp., et al.*, No. 2:21-04185 (E.D. Pa. filed Sept. 22, 2021); *Perrong v. Support Am. Leaders PAC, et al.*, No. 2:21-cv-03263 (E.D. Pa. filed July 21, 2021); *Perrong v. Capital Energy PA LLC, et al.*, No. 2:21-cv-02982 (E.D. Pa. filed July 2, 2021); *Perrong v. Caller Identified As Jennifer*, 2:21-cv-02188 (E.D. Pa. filed May 13, 2021); *Perrong v. Orbit Energy & Power, LLC*, 2:21-00777 (E.D. Pa. filed Feb. 19, 2021); *Perrong v. GN Gifts & Herbal LLC, et al.*, No. 2:21-cv-00377 (E.D. Pa. filed Jan. 23, 2021); *Perrong v. Mattress Firm, Inc.*, No. 2:21-cv-00071 (E.D. Pa. filed Jan. 7, 2021); *Perrong v. Building Opportunities LLC, et al.*, No. 2:20-cv-06138 (E.D. Pa. filed Dec. 16, 2020); *Perrong v. First Stop Handicrafts LLC, et al.*, No. 2:20-cv-05980 (E.D. Pa. filed Nov. 25, 2020); *Perrong, et al., v. Frontier Util. Northeast LLC, et al.*, No. 2:20-cv-05844 (E.D. Pa. filed Nov. 23, 2020); *Perrong v. S. Bay Energy Corp.*, No. 2:20-cv-05781 (E.D. Pa. filed Nov. 18, 2020); *Perrong v. Hi Tech Global Solutions LLC, et al.*, No. 2:20-cv-05783 (E.D. Pa. filed Nov. 18, 2020); *Perrong v. Pulse Opinion Research, LLC*, No. 2:20-cv-05284 (E.D. Pa. filed Oct. 22, 2020); *Perrong v. Victory Phones LLC*, No. 2:20-cv-05317 (E.D. Pa. filed Oct. 22, 2020); *Perrong v. Broadleaf Mktg. & SEO, LLC*, No. 2:20-cv-04230 (E.D. Pa. filed Aug. 28, 2020); *Perrong v. Platinum Plus Auto Protection, Inc.*, No. 2:20-cv-03774 (E.D. Pa. filed Aug. 4, 2020); *Perrong v. Quotewizard.com, LLC*, No. 2:20-cv-02506 (E.D. Pa. filed May 28, 2020); *Perrong v. Safe Home Security, Inc., et al.*, No. 2:20-cv-02435 (E.D. Pa. filed May 26, 2020); *Perrong v.*

*Transtech Mktg. Network LLC, et al.*, No. 2:19-cv-04228 (E.D. Pa. filed Nov. 5, 2019); *Perrong v. Reweb Real Estate LLC, et al.*, No. 2:19-cv-04228 (E.D. Pa. filed Sept. 12, 2019); *Perrong v. Ox Car Care, Inc., et al.*, No. 2:19-cv-03224 (E.D. Pa. filed July 24, 2019); *Perrong v. Carguardian Warranty, LLC, et al.*, No. 2:19-cv-02770 (E.D. Pa. filed June 25, 2019); *Perrong v. Direct Energy, LP et al.*, No. 2:19-cv-02373 (E.D. Pa. filed May 31, 2019); *Perrong v. Med. Guardian LLC*, No. 2:19-cv-02371 (E.D. Pa. filed May 31, 2019); *Perrong v. Prosperity Real Estate & Investment Services LLC, et al.*, No. 2:19-cv-02293 (E.D. Pa. filed May 28, 2019); *Perrong v. Lynn, et al.*, No. 2:19-cv-02000 (E.D. Pa. filed May 7, 2019); *Perrong v. Rushmore Energy, LLC*, No. 2:19-cv-01367 (E.D. Pa. filed Apr. 1, 2019); *Perrong v. Am. Water Concepts LLC, et al.*, No. 2:19-cv-00931 (E.D. Pa. filed Mar. 5, 2019); *Perrong v. Selltel Inc., et al.*, No. 2:19-cv-00191 (E.D. Pa. filed Jan. 11, 2019); *Perrong v. Stars & Stripes Chimney Serv., LLC, et al.*, No. 2:19-cv-00039 (E.D. Pa. filed Jan. 5, 2019); *Perrong v. Space Coast Marketing, LLC, et al.*, No. 2:18-cv-05510 (E.D. Pa. filed Dec. 21, 2018); *Perrong v. Ox Car Care, Inc., et al.*, No. 2:18-cv-05510 (E.D. Pa. filed Nov. 20, 2018); *Perrong v. MS Int'l Enterprises, et al.*, No. 2:18-cv-04760 (E.D. Pa. filed Nov. 2, 2018); *Perrong v. Secure Auto. Solutions Inc., et al.*, No. 2:18-cv-02864 (E.D. Pa. filed July 9, 2018); *Perrong v. Advanced Brokerage Concepts LLC, et al.*, No. 2:18-cv-02624 (E.D. Pa. filed June 21, 2018); *Perrong v. McAveney, et al.*, 2:18-cv-02524 (E.D. Pa. filed June 15, 2018); *Perrong v. Texpo Power, LP*, No. 2:18-cv-03213 (E.D. Pa. filed July 27, 2018); *Perrong v. Secure Auto. Solutions, Inc.,* No. 1:18-cv-02864 (E.D. Pa filed July 9, 2018); *Perrong v. Cardo Windows Inc.,* No. 1:18-cv-11309 (D.N.J. filed July 3, 2018); *Perrong v. Advanced Brokerage Concepts LLC,* No. 2:18-cv-02624 (E.D. Pa. filed June 21, 2018); *Perrong v. McAveney,* No. 2:18-cv-02524 (E.D. Pa. filed June 15, 2018); *Perrong v. Capital Comeback LLC,* No. 3:18-cv-10017 (D.N.J. filed June 1**,** 2018); *Perrong v. Voisel LLC,* No. 2:18-cv-02227 (E.D. Pa. filed May 29, 2018); *Perrong v. Am. Renovation Ctr. Inc.,* No. 2:18-cv-02069 (E.D. Pa. filed May 17, 2018); *Perrong v. Liberty Power Corp.,* No. l:18-cv-712 (D. Del. filed May 11, 2018); *Perrong v. Washington Inv. Grp. LLC,* No. 2:18-cv-01934 (E.D. Pa. filed May 8, 2018); *Perrong v. Macy's Inc.,* No. 2:18-cv-01382 (E.D. Pa. filed Apr. 2, 2018); *Charvat v. Santanna Nat. Gas Corp.,* No. 1:18-cv-2310 (N.D. IL filed Mar. 30, 2018); *Perrong v. Direct Client Servs.,* No. 2018-02847 (Pa. Ct. Com. PL, Montgomery Cnty. filed Feb. 2, 2018); *Perrong v. Choice Energy LLC,* No. 2017-28953 (Pa. Ct. Com. PL, Montgomery Cnty. filed Dec. 18, 2017); *Perrong v. DNG Complete Home Improvement Corp.,* No. 2017-28894 (Pa. Ct. Com. PL, Montgomery Cnty. filed Dec. 15, 2017); *Perrong v. Attorneys Tax Relief LLC,* No. 2017-28483 (Pa. Ct. Com. PL, Montgomery Cnty. filed Dec. 8, 2017); *Perrong v. Penn Foster Edu. Grp. Inc.,* No. 2017-28362 (Pa. Ct. Com. PL, Montgomery Cnty. filed Dec. 8, 2017); *Perrong v. Smith,* No. 2017-28359 (Pa. Ct. Com. PL, Montgomery Cnty. filed Dec. 8, 2017); *Perrong v. HBW Leads LLC,* No. 2:17-cv-05442 (E.D. Pa. filed Dec. 4, 2017); *Perrong v. Consumer Advocacy Ctr. Inc.,* No. 2017-27877 (Pa. Ct. Com. PL, Montgomery Cnty. filed Nov. 29, 2017); *Perrong v. H&R Chimney Corp.,* No. 2017-27206 (Pa. Ct. Com. PL, Montgomery Cnty. filed Nov. 17, 2017); *Perrong v. William Novick Agency LLC,* No. 2:17-04172 (E.D. Pa. filed Sept. 19, 2017); *Perrong v. TranzVia LLC,* No. 2:17-cv-03664 (E.D. Pa. filed Aug 14, 2017); *Perrong v. Sussman Inc.,* No. 2:17-cv-03511 (E.D. Pa. filed Aug. 7, 2017); *Perrong v. Perlow,* No. cv-224-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed Aug. 3, 2017); *Perrong v. Lednor Corp.,* No. 2:17-cv-03452 (E.D. Pa. filed Aug. 2, 2017); *Perrongv. Ripple,* No. CV-221-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed Aug. 2, 2017); *Perrong v. Smith,* No. 2:17-cv-03366 (E.D. Pa. filed July 27, 2017); *Perrong v. Just Energy,* No. cv-195-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed July 7, 2017); *Perrong v. Greenlight Energy Inc.,* No. cv-194-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed July 7, 2017); *Perrong v. Verizon Commc 'ns. Inc.,* No. cv-181-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed June 21, 2017); *Perrong v. Ins. Resource Grp.,* No. cv-176-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed June 21, 2017); *Perrong v. Hamilton,* No. cv-164-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed June 8, 2017); *Perrong v. MJB Mktg. Inc.,* No. cv-159-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed May 31, 2017); *Perrong v. Arevalo,* No. cv-146-2017 (Pa. Magis. Dist. Ct. 38-2-08 filed May 18, 2017); *Perrong v. Elite Chimney Sols. Inc.,* No. 2:17-cv-01512 (E.D. Pa. filed Apr. 3, 2017); *Perrong v. FIG Capital LLC,* No. cv-167-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed July 22, 2016); *Perrong v. Trademark Pub!. Inc.,* No. cv-140-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed June 16, 2016); *Perrong v. Merchant Funding Sols. LLC,* No. cv-

Nevertheless, implicit in the Court's prior Order denying transfer was the Court's belief that a corporation doing business in this District, such as Timeshare Help, cannot credibly contest the convenience of related litigation. ECF No. 13. However, individual defendants such as Mr. Human can credibly make such arguments. Mr. Human resides in Missouri, over 800 miles from this District, and claims that litigation here would be inconvenient. ECF No. 45 at ¶ 11. As to the convenience of witnesses, Mr. Human provides that all former Timeshare Help employees, who are likely to be called as witnesses, reside near Timeshare Help's former headquarters and do not reside within 100 miles of this District. *Id.* at 8–9. The Court cannot likely order attendance of all former employees pursuant to Fed. R. Civ. P. 45(c)(1)(A), which would require showing that each witness "regularly transacts business" in Pennsylvania[7] and that attendance would not require the witness to "incur substantial expense."  The Court, which is "vested with [] large discretion," finds these circumstances particularly compelling where, as here, there is a serious need to hold hearings or conduct discovery on the preliminary issue of personal jurisdiction. *See Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973).

The final factor—the location of books and records—weighs slightly in favor of transfer. This analysis is "limited to the extent that the files could not be produced in the alternative [venue]," *Jumara*, 55 F.3d at 879, and "technical advances of recent years have significantly

---

125-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed June 7, 2016); *Perrong v. Student Debt Doctor LLC,* No. cv-109-2016 (Pa. Magis. Dist. Ct. 38-2-08 filed May 18, 2016); *Perrong v. Aspen Home Improvements Inc.,* No. 5:15-cv-04023 (E.D. Pa. filed July 21, 2015); *Perrong v. The Student Loan Grp.,* No. 2:15-cv-02634 (E.D. Pa. filed May 11, 2015); *Perrong v. 800 Repairs Corp.,* No. cv-128-2015 (Pa. Magis. Dist. Ct. 38-2-08 filed May. 14, 2015); *Perrong v. Risen Capital LLC,* No. 2:15-cv-01807 (E.D. Pa. filed Apr. 7, 2015); *Perrong v. Maximum Security Alarm Inc.,* No. cv-8-2015 (Pa. Magis. Dist. Ct. 38-2-08 filed Jan. 14, 2015); *Perrong v. Frontier Utils. Ne. LLC,* No. cv-7-2015 (Pa. Magis. Dist. Ct. 38-2-08 filed Jan. 14, 2015).

[7] The other grounds for compelling witness attendance pursuant to Fed. R. Civ. P. 45(c)(1)(A), if the witness resides or is employed in the state, do not appear to be applicable.

reduced" its weight, *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003). To the extent that the factor is relevant, Mr. Human asserts, and Mr. Perrong does not refute, that all documents and records related to the case were physically maintained in Timeshare Help's former headquarters, including in the Eastern District of Missouri. ECF No. 45 at 8.

## C. Public Interest Factors

The public interest factors likewise weigh in favor of transferring this case. As to the practical considerations of trial, several witnesses and relevant documents are likely located in the Eastern District of Missouri. *See Tshudy.*, 2022 WL 4225612, at *4 (considering this factor relevant and transferring a case to a different district within the same state). Indeed, Mr. Human's instant motion highlights just one of the many practical issues raised by litigating this case in Pennsylvania. Mr. Human alleges that he is not, and has never been, associated with Timeshare Help. ECF No. 45 ¶¶ 3–10. Peculiarly, however, others associated with Timeshare Help have directly named Mr. Human as a corporate officer. ECF No. 31; June 30, 2022 Hr'g Tr. 7:19-21; 11:2-4. This Court is not the appropriate venue in which to litigate an interim factual issue such as this when, as discussed, witnesses that may resolve the issue are not located here and are unable or unwilling to voluntarily appear before this Court. There are myriad other possible disputes that may be raised throughout the pendency of a case and which, for similar reasons, are more appropriately resolved in the Eastern District of Missouri. The Court finds this factor especially compelling due to the parties' previous disinclination to resolve matters in an efficient and timely manner. *See Van Dusen*, 376 U.S. at 616 (the purpose of venue transfer is to prevent wasting time, energy, and money).

Additionally, the Eastern District of Missouri also has a local interest in the case because it concerns allegedly illegal activity committed by an entity with its principal place of business

14

located therein. *See Tshudy*, 2022 WL 4225612, at *4. The final four factors—court congestion, the enforceability of the judgment, the public policies of the districts, and the familiarity of the trial judge with the applicable state law—were not addressed by the parties and the Court considers them considered neutral between the districts.

V.     **CONCLUSION**

For the reasons stated above Defendant's Motion to Dismiss or Transfer will be **GRANTED** in part and the case shall be transferred to the Eastern District of Missouri accordingly.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**