UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW PERRONG, *on behalf of himself and all others similarly situated*, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:22 CV 1064 RWS |
| TIMESHARE HELP SOURCE, LLC, DAN HUMAN, AND EDUARDO BALDERA, | ) ) ) ) ) |
| Defendants. | ) |

# **ORDER**

Plaintiff Andrew Perrong filed this proposed class action lawsuit against Defendant Timeshare Help Source, LLC for alleged violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227.  Perrong initially sued Timeshare in the United States District Court of the Eastern District of Pennsylvania.  In his Complaint, Perrong alleged that Timeshare was a Colorado limited liability company.  On August 2, 2022, after some initial discovery, Perrong filed a motion to amend his complaint seeking to add as individual defendants Dan Human, identified as the Director of Operations, and Eduardo Balderas, identified as Marketing Director.  Human is a resident of Missouri.  Balderas is a resident of Texas.  Perrong's motion asserts that because Human and

Balderas were familiar with Timeshare's telemarketing conduct, "they *presumably* had personal participation in it and are therefore liable for the conduct." [Doc. # 38, Pl.'s Mot. to Amend at 2][emphasis added]

On August 4, 2022, Perrong filed his Amended Complaint adding Human and Balderas as individual defendants. On October 5, 2022, the Pennsylvania District Judge issued an order transferring the case to this District based on Human's presence in the case. Perrong agreed to the transfer. In the memorandum granting transfer, the District Judge inadvertently stated that Perrong's Complaint alleged that Timeshare was headquartered in Colorado and Missouri. Neither the Complaint, nor the Amended Complaint, makes such an assertion. This misstatement may have been caused by Timeshare's motion to dismiss for lack of jurisdiction, filed on May 3, 2022, in which Timeshare represented that had its principal place of business was in Colorado Springs, Colorado and that Timeshare had *an office* in St. Louis, Missouri.

On March 21, 2023, both Human and Balderas filed a motion to dismiss the claims against them. They both filed affidavits that represented that they were not owners of Timeshare, nor did they make the calls at issue to Perrong, nor did they have any control over the method and personnel who did place the calls.

In addition, on May 11, 2023, Human filed a second motion to dismiss and,

2

in the alternative, for summary judgment. Human again submitted an affidavit that he was not involved in the calls placed to Perrong. In addition, he submitted an affidavit that states that Timeshare has never been registered to conduct business in Missouri. These affidavits also indicate that Timeshare is no longer in business. Human also filed a motion to stay discovery.

On May 2, 2023, Timeshare's counsel filed a motion to withdraw as counsel. In support of his motion, counsel states that Timeshare has failed to pay his fees and that it refuses to discuss payment or any other issues, and that communication with Timeshare had completely broken down.

On May 15, 2023, Perrong filed a motion to continue the Rule 16 Conference set in this matter on May 23, 2023, for 30 days to allow Timeshare to retain new counsel.

On May 19, 2023, I issued an order granting Timeshare's counsel's motion to withdraw and granting Perrong's motion to continue the Rule 16 Conference to allow Timeshare to retain new counsel. As of today's date, no attorney has entered their appearance on behalf of Timeshare.

On June 12, 2023, Perrong filed a voluntary dismissal of his claims against Human. The case was transferred from the Eastern District of Pennsylvania to this Court based on Human's motion to transfer under the doctrine of *forum non*

3

*conveniens*.  The main reason the case was transferred to this Court, Human's presence as a defendant, is now no longer valid.  The record is unclear on exactly where Timeshare's principal place of business is located.  According to Perrong's Amended Complaint, Timeshare is a Colorado limited liability company.  Timeshare's former counsel represented that Timeshare's principal place of business was in Colorado Springs, Colorado and that Timeshare had *an office* in St. Louis, Missouri.  The record suggests that Timeshare had offices in Colorado, Missouri, and Texas.

In my order of May 19, 2023, I ordered that Human and Balderas' motions to dismiss should be treated as motions for summary judgment.  Human's motion is now moot.  Perrong responded that Balderas' motion is premature because discovery needs to be conducted to identify Balderas' role in Timeshare.  In his motion to dismiss, Balderas moved, in the alternative, to have this case transferred to the United States District Court for the Western District of Texas under 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens*.[1]  "The principle of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and the witnesses, the action should be tried in another judicial forum." Mizokami

---

[1] Balderas resides in Del Rio, Texas which is in the Western District of the United States District Court in Texas.

Bros. of Ariz., Inc. v. Mobay Chem. Corp., 660 F.2d 712, 717 (8th Cir. 1981) (citations and internal quotation marks omitted).  Factors to be considered are whether there is an adequate and available alternative forum; private factors such as access to sources of proof, availability of witnesses, and enforceability of a judgment; and public factors which include judicial economy and preference of having local controversies decided by local courts.

Balderas appears *pro se* in this litigation and he asserts that he is not amenable to this Court's jurisdiction because he is a resident of Texas, he has not conducted business regarding this case in Missouri, and that he did not have any authority or direct any action regarding the issues that forms the basis of this lawsuit.

Balderas appears to be the only viable potential defendant remaining in this lawsuit.  Timeshare is apparently an insolvent and defunct entity.  No counsel has entered their appearance on behalf of Timeshare since its last counsel was permitted to withdraw from the case.  The evidence Perrong seeks from Balderas will be located in Texas.  Balderas will be subject to the Western District of Texas' subpeona power.  Timeshare conducted business from Texas.  Perrong will be no more inconvenienced from litigating this case in Texas than litigating this case in Missouri.  As a result, I find that in the interest of justice this case should be

transferred to the United States District Court for the Western District of Texas under 28 U.S.C. § 1404(a) for all further proceedings.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Eduardo Balderas' motion to dismiss / for summary judgment [72] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Defendant Eduardo Balderas' motion to transfer this matter to the United States District Court for the Western District of Texas [72] is **GRANTED**.

**IT IS FURTHER ORDERED that** the Clerk of Court shall transfer this matter to the United States District Court for the Western District of Texas.

                                                  _____
                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2023.